UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GOLDYN COOPER,

           Plaintiff,

    v.

SCOTT HEATLEY, et al.,

           Defendants.

No.  2:12-cv-00602 KJM DAD P

ORDER AND FINDINGS & RECOMMENDATIONS

Plaintiff Goldyn Cooper is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  In his complaint plaintiff contends that while he was incarcerated at Mule State Creek Prison defendants Dr. Scott Heatley, M.D. and Terry Weinholdt were deliberately indifferent to his medical needs, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

Now pending before the court are a motion for summary judgment filed by defendants, a motion for appointment of counsel filed by plaintiff, and various discovery-related motions filed by both parties.

////

////

////

////

1

1   I.   Background

2        A.   Factual Background

3        Plaintiff alleges as follows in his complaint.  (ECF No. 1.)  On March 8, 2010, while he

4   was an inmate at Mule Creek State Prison,[1] plaintiff submitted a Health Care Services Request on

5   CDCR Form 7362, in which he wrote, "My knee is extremely swollen and almost gi[v]es out and

6   or buckles every few steps.  I can hardly walk at all."  (ECF No. 1 at 2.)

7        Dr. H. Walter Pepper, M.D., formerly a defendant in this action, made the following

8   diagnosis of plaintiff's condition based on x-rays taken around this time:  "The articular margins

9   are normal.  The patellofemoral joint is unremarkable."  (Id. at 3.)  Plaintiff received a leg brace,

10  but received no further treatment.  (Id. at 2-3)

11       Plaintiff alleges that he submitted medical requests again seeking treatment for his left

12  knee on August 7, 2010, August 27, 2010, and December 13, 2010, all to no avail.  (Id. at 2-3.)

13  He alleges that he was examined by Dr. W. Hashimoto, M.D., a doctor at Mule Creek State

14  Prison, on November 18, 2010, December 24, 2010, February 2, 2011, and April 7, 2011, and that

15  Dr. Hashimoto repeatedly recommended that plaintiff receive an MRI.  (Id.)  Moreover, both

16  Dr. Hashimoto and O. Akintola, a physician's assistant, diagnosed an ACL tear on the basis of

17  their examinations of plaintiff.  (Id.)  Nonetheless, requests for plaintiff to receive an MRI were

18  repeatedly denied by the prison's Medical Authorization Review Committee ("MARC"), on

19  which defendants Terri Weinholdt and Dr. Scott Heatley, M.D. sat.  (Id.)

20       On August 2011, plaintiff was seen by an orthopedic surgeon who ordered an MRI, which

21  plaintiff thereafter received.  (Id.)  This same surgeon later operated on plaintiff's left knee.  (Id.

22  at 5.)  The orthopedic surgeon informed plaintiff that he would require complete reconstructive

23  surgery on his left knee in a few years.  (Id.)  He also told plaintiff that this follow-up surgery

24  would have been unnecessary if his knee had been timely operated on in March 2010, shortly

25  after he injured it.  (Id.)

26  /////

27  _____

28  [1]  Plaintiff was subsequently transferred to the Richard J. Donovan Correctional Facility in San
    Diego, California.  (See ECF No. 38.)

1    B. <u>Procedural Background</u>

2    On March 8, 2012, this action commenced with the filing of plaintiff's complaint.  (ECF

3    No. 1.)  On December 20, 2012, the court screened the complaint, and deemed service

4    appropriate on defendants Terri Weinholdt, Dr. Scott Heatley, M.D., and Dr. H. Walter Pepper,

5    M.D.  (ECF No. 4.)  On July 2, 2013, defendants Weinholdt and Dr. Heatley filed a joint answer.

6    (ECF No. 18.)  On August 15, 2013, defendant Dr. Pepper filed a motion to dismiss.  (ECF

7    No. 22.)  On October 17, 2013, plaintiff filed a statement of non-opposition to the motion to

8    dismiss.  (ECF No. 31.)  On January 10, 2014, defendant Dr. Pepper was dismissed from the

9    action.[2]  (ECF No. 33.)

10   On August 27, 2013, the court amended its previously-issued discovery and scheduling

11   order (ECF No. 23) in order to modify the following dates:  the deadline to conclude discovery

12   and bring any discovery-related motions was reset to April 25, 2014, and the deadline to file

13   pretrial motions was reset to June 17, 2014.  (ECF No. 27.)

14   On March 5, 2014, defendants Weinholdt and Dr. Heatley filed a joint motion to dismiss

15   plaintiff's complaint.  (ECF No. 37.)  The basis for the motion was plaintiff's alleged failure to

16   exhaust his administrative remedies prior to filing suit as required.  (<u>Id.</u>)  After considering

17   defendants' filing, as well as plaintiff's opposition (ECF No. 40) and defendants' reply (ECF

18   No. 41), the court denied the motion to dismiss without prejudice, on the grounds that, under the

19   decision in <u>Albino v Baca</u>, 747 F.3d 1162 (9th Cir. 2014), defendants may no longer raise the

20   issue of administrative exhaustion via an unenumerated Rule 12(b) motion.  (ECF No. 48.)  Per

21   the decision in <u>Albino</u>, if plaintiff's failure to exhaust is clear on the face of the complaint,

22   defendants may bring a motion to dismiss under Rule 12(b)(6); otherwise, the issue may only be

23   properly raised through a motion for summary judgment under Rule 56.  (<u>Id.</u>at 1.)  By order dated

24   May 21, 2014, defendants were given thirty days to bring a summary judgment motion raising the

25   issue.  (<u>Id.</u> at 2.)  They did not do so.

26

27   _____

     [2]  For this reason, the term "defendants," when used hereinafter and not otherwise qualified,
     should be taken to refer collectively to Terri Weinholdt and Dr. Heatley, the two remaining
28   defendants in the action.

3

Presently pending before the court are the following motions:

- Defendants Heatley and Weinholdt's motion to compel responses to special interrogatories, set one, filed on April 16, 2014.  (ECF No. 42.)

- Defendants' motion for imposition of discovery sanctions, filed on April 24, 2014. (ECF No. 43.)

- Plaintiff's motion for imposition of sanctions based on defense counsel's alleged perjury, filed on May 15, 2014.  (ECF No. 46.)

- Defendants' motion for summary judgment, filed on June 17, 2014. (ECF No. 50.)

- Plaintiff's motion for a 90-day extension of time to conclude discovery, filed August 4, 2014.  (ECF No. 52.)

- Plaintiff's motion to compel production of documents, filed August 5, 2014.  (ECF No. 53.)

- Plaintiff's renewed motion for appointment of counsel, filed August 5, 2014.[3]  (ECF No. 54.)

Each of these motions is dealt with in turn below.

II.  Analysis

A.  Defendants' motion for discovery sanctions

Of primary concern to the court is defendants' motion for discovery sanctions, filed on April 24, 2014.  (ECF No. 43.)  The basis for this motion is plaintiff's alleged unwillingness to allow his deposition to be taken.  Defendants seek terminating sanctions, or in the alternative, an order (i) extending the discovery deadline, and (ii) compelling plaintiff to submit to a deposition at a facility with videoconferencing capabilities.  (ECF No. 43-1 at 4.)  Defendants also seek imposition of monetary sanctions against plaintiff in the amount of $4944.46 to compensate for the costs attendant on the failed deposition, as well as for defendants' attorney fees.

Federal Rule of Civil Procedure 37(d) provides that the court may order sanctions if a party fails, after being served with proper notice, to appear for his or her deposition.  Among the

---

[3]  On February 12, 2014, the court denied a previous motion filed by plaintiff seeking the appointment of counsel.  (ECF No. 35.)

4

1    potential sanctions is dismissal of the action, in whole or in part.  Fed. R. Civ. P. 37(b)(2)(A)(v).

2    The court may also order the party failing to act to pay the reasonable expenses, including

3    attorney's fees, caused by the failure, unless the failure was substantially justified or other

4    circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(d)(3).

5            In a declaration in support of their sanctions motion, defendants' counsel Kenny Nguyen

6    states that, on April 1, 2014, he served a notice of deposition on plaintiff, which provided that

7    Deputy Attorney General Nguyen would take plaintiff's deposition in person at Richard J.

8    Donovan Correctional Facility in San Diego, California, on April 22, 2014 at 10:00 a.m.  (ECF

9    No. 43-2 at 1-2.)  According to Deputy Attorney General Nguyen, he did not receive any

10   objections or correspondence from plaintiff regarding the deposition notice.  (Id. at 2.)  Deputy

11   Attorney General Nguyen then avers:

12              Upon my arrival at [the prison] to begin the deposition, [p]laintiff
                was brought into the deposition room.  The deposition was set to
13              take place shortly after 10:00 AM due to the court reporter's late
                arrival.  Plaintiff immediately became hostile upon seeing me and
14              the court reporter.  He began to pace back and forth in the room, at
                first demanding to know why he was brought into the room.  I
15              introduced myself to him as Deputy Attorney General Kenny
                Nguyen, that [sic] I represent the defendants in the lawsuit he filed
16              in federal court alleging deliberate indifference to his medical
                needs.  I then told him that I was here to take his deposition, and
17              that a notice was served on him on April 1st.  At this point,
                [p]laintiff refused to sit down and continue pacing back and forth in
18              the small room in a threatening manner.  Both I and the court
                reporter feared for our safety.  Plaintiff looked at me and asked me
19              if I thought he was stupid and continued with confrontational
                questions such as this.  He then stated that he knew exactly what I
20              was trying to do.  And at that point he appeared to tense up as if he
                was going to assault me and stated that he will remember exactly
21              what I look like.  Fearing for my safety and the safety of the court
                reporter, I then asked him whether he was refusing to proceed with
22              the deposition and when he continued to escalate his hostility
                toward me, I asked the corrections officer to remove him from the
23              room.

24   (Id. at 2.)  Deputy Attorney General Nguyen concludes by stating that he would feel unsafe if he

25   was again to be in plaintiff's presence while taking his deposition, that the Richard J. Donovan

26   facility lacks videoconferencing capabilities, and that a deposition by telephone would be

27   inadequate, as "[Deputy Attorney General Nguyen] cannot observe [plaintiff's] demeanor or

28   nonverbal responses."  (Id. at 3.)

Plaintiff has filed an opposition to the motion.  (ECF No. 45.)  He claims therein that he is a psychiatric patient in the Enhanced Outpatient Program ("EOP").[4]  (Id. at 1.)  He contends that

> when a California Department of Corrections Classification Committee conducts a hearing with the plaintiff, by state and federal law, the Psychiatrist and Psychologist MUST be present with The Warden who controls the custody and care of the plaintiff; which Attorney Nguyen knew this was a Federal and State Court mandated law, yet he chose not to comply with these two laws and never contacted [the Warden] to have the Psychiatrist and Psychologist present during the deposition interrogations of the mentally ill.

(ECF No. 45 at 3.)  This argument is inapt.  A Classification Committee hearing addresses "determination[s] affecting an inmate's placement within an institution/facility, transfer between facilities, program participation, work group, or custody designation . . . ."  Entering a California State Prison – What to Expect, Office of the Ombudsman, California Department of Corrections and Rehabilitation, http://cdcr.ca.gov/Ombuds/Entering_a_Prison_FAQs.html.  By contrast, a deposition is a discovery procedure authorized by the Federal Rules of Civil Procedure.  The undersigned is unaware of any court orders, laws, or regulations, either at the federal or state level, which requires that mental health personnel be present when EOP patients are deposed.  While Federal Rule of Civil Procedure 26(c)(E) allows a party to move for a protective order, on a showing of good cause, "designating the persons who may be present while the discovery is conducted," the undersigned would be reluctant to issue such an order absent a declaration from a treating mental health professional stating that he or she needed to be present with plaintiff during his deposition.  It is plaintiff who initiated this lawsuit; it is therefore reasonable that he should anticipate being subject to a deposition regarding the matters at issue.  This conclusion is reinforced by the fact that plaintiff appears to have competently represented himself in civil proceedings that culminated in a 2011 federal jury trial in the case of Cooper v. Dion, No. 2:08-

---

[4]  The "Enhanced Outpatient Program (EOP) provides care to mentally disordered inmate-patients who would benefit from the structure of a therapeutic environment that is less restrictive than inpatient settings.  This may include response to crisis symptoms which require extensive treatment, but can be managed as outpatient therapy with several psychotherapy sessions or medication adjustment with follow-up visits."  Mental Health Program Guide 8, California Department of California Department of Corrections and Rehabilitation, http://www.cdcr.ca.gov/dchcs/docs/mental%20health%20program%20guide.pdf.

1   cv-01567-JAM-JFM; it is therefore reasonable to infer that he is conversant with federal civil

2   procedure.

3          Plaintiff's more compelling argument is that had he threatened defendants' counsel,

4   Deputy Attorney General Nguyen, at the scheduled deposition, he would have been subjected to

5   disciplinary action.  (ECF No. 45 at 9.)  The court finds it notable that, according to Deputy

6   Attorney General Nguyen, a court reporter was present at the failed deposition, but defendants

7   nonetheless did not attach to their sanctions motion a transcript of what proceedings did occur.

8   Accordingly, the court is unable to verify whose account of what happened is reliable.  For this

9   reason, defendants' request for terminating sanctions will be denied.

10          The sensible course of action at this point appears to be to require plaintiff to submit to a

11   video deposition.[5]  After taking this deposition, defendants can then bring another motion for

12   summary judgment if they so choose.  Plaintiff is cautioned that if he fails to submit to the video

13   deposition, it is likely that terminating sanctions will issue, resulting in the dismissal of this case

14   with prejudice.

15          As for defendants' request for monetary sanctions, it will be denied at this time.

16   However, if plaintiff fails to submit to a video deposition or to cooperate in the deposition

17   process, defendants may renew their request and include the costs of their second failed attempt at

18   taking plaintiff's deposition.  Plaintiff is again cautioned that if he fails to submit to the

19   deposition, he may then be subject to sanctions, both monetary and terminating.

20          B.  Plaintiff's motion for sanctions, filed on May 15, 2014

21          On May 15, 2014, plaintiff filed a motion seeking the award of monetary sanctions in the

22   amount of $5,000.00 from defendants' counsel, Deputy Attorney General Nguyen.  (ECF No. 46.)

23   Plaintiff therein claims that Deputy Attorney General Nguyen perjured himself by failing to

24   provide receipts for all of the expenses claimed in his motion for imposition of discovery

25   _____

26   [5]  This conclusion is bolstered by Deputy Attorney General Nguyen's averment, in his declaration
     in support of the motion for terminating sanctions, that he would be unable to prepare a motion
27   for summary judgment without plaintiff's deposition testimony.  (See ECF No. 43-2 at 4.)  While
     defendants eventually did file a summary judgment motion (ECF No. 50), the court is unwilling
28   to consider and rule on that potentially dispositive motion absent a more fully-developed record.

1    sanctions against plaintiff, discussed above.  Plaintiff brings his motion pursuant to Federal Rule

2    of Civil Procedure 11.

3        Deputy Attorney General Nguyen has now submitted to the court receipts for all of the

4    claimed expenses, attached as exhibits to a declaration filed in support of his opposition to

5    plaintiff's motion.  (See ECF No. 49-1.)  The court is satisfied by this filing and, accordingly, will

6    deny plaintiff's motion for monetary sanctions.

7        C.   Plaintiff's motions (i) for an extension of time to conduct discovery
              and (ii) to compel production of documents
8

9        On August 4, 2014, plaintiff filed a motion seeking a 90-day extension of time in which to

10   conduct discovery in this action.  (ECF No. 52.)  On August 5, 2014, plaintiff filed a motion to

11   compel defendants to respond to his request for production of documents.  (ECF No. 53.)

12   Defendants have not filed oppositions to either motion.[6]

13       In a section entitled "[S]tatement of [F]acts" in his motion to compel, plaintiff claims that

14   he filed a request for production of documents in "5-circa 2014."  (ECF No. 53 at 3.)  The court

15   takes plaintiff to mean that he served these discovery requests in May 2014.  According to

16   plaintiff, defendants did not respond to his discovery requests.  However, "plaintiff was unable to

17   file a letter or motion asking why, because Prisoner Frederick W. Smith [an inmate who was

18   assisting plaintiff] left the prison May 19, [20]14 and did not return until May 29, 2014 and that

19   was because of his own depression and was under suicide watch."  (Id.)

20       Plaintiff justifies his motion for a 90-day extension of time to conduct discovery in this

21   case on the grounds that on July 3, 2014, he was placed in administrative segregation at R.J.

22   Donovan State Prison.  (ECF No. 52 at 1.)  Plaintiff states that, as a result of his placement in

23   administrative segregation, his legal documents were taken from him and have yet to be returned.

24   (Id.)  On this basis, he seeks an extension of time to propound interrogatories and requests for

25   admission to defendants.  (Id.)

26   _____

27   [6]  Defense counsel is reminded that failure to timely oppose such a motion may be deemed a
     waiver of opposition to the motion and may result in the imposition of sanctions.  See Local Rule
28   230(l).

1   Plaintiff's motions in this regard do not appear to be meritorious.  Plaintiff appears to have

2   failed to comply with most, if not all, of the procedural requirements to bring a motion to compel

3   discovery responses, as set forth in Federal Rule of Civil Procedure 37 and Local Rule 251.  For

4   example, plaintiff has failed to reproduce or include a copy of the discovery requests that he

5   alleges he served on defendants.  See Local Rule 251(c).  While the court does not hold litigants

6   proceeding pro se to the same standards that it holds attorneys, at a minimum, plaintiff, as the

7   moving party, has the burden of demonstrating which discovery requests are the subject of his

8   motion to compel and why the information he seeks through discovery is relevant to the

9   prosecution of this action.  See, e.g., Brooks v. Alameida, No. 2:03-cv-2343 JAM EFB, 2009 WL

10   331358 at *2 (E.D. Cal. Feb.10, 2009) ("Without knowing which responses plaintiff seeks to

11   compel or on what grounds, the court cannot grant plaintiff's motion."); Nelson v. Runnels,

12   No. 2:06-cv-1289 LKK DAD, 2009 WL 2776854 at *2 (E.D. Cal. Aug. 27, 2009) ("Plaintiff is

13   advised that the court is unable to rule on his motion to compel in its present form because it is

14   not clear what plaintiff was asking for in his discovery requests or whether plaintiff's discovery

15   requests were proper.").  Plaintiff has also failed to file a proof of service indicating that he served

16   the discovery requests on the defendants, yet another reason to deny his motion.  See, e.g.,

17   Bridges v. Hubbard, No. 2:09-cv-0940 GEB DAD, 2012 WL 1901301 at *1 (E.D. Cal. May 24,

18   2012) ("Because plaintiff has failed to demonstrate that he properly served defendants with his

19   discovery requests, the court has no basis on which to grant this aspect of his motion to

20   compel."); Palmer v. Crotty, No. 1:07–CV–0148 LJO DLB, 2010 WL 4279423 at *1 (E.D. Cal.

21   Oct. 22, 2010) (denying motion to compel because plaintiff failed to submit any evidence that he

22   served discovery requests on defendant).

23   More importantly, plaintiff has entirely failed to demonstrate diligence in pursuing

24   discovery in this action.  "The district court does not abuse its discretion by denying further

25   discovery if the movant has failed diligently to pursue discovery in the past."  Conkle v. Jeong, 73

26   F.3d 909, 914 (9th Cir. 1995).  See also Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921

27   (9th Cir. 1997) (holding that a party's failure to diligently pursue discovery in the past is

28   sufficient reason for the court to deny further discovery).  On August 21, 2014, the court in this

1  case initially set a discovery deadline of October 25, 2013 and a pretrial motion deadline of

2  January 17, 2014.  (ECF No. 23.)  On August 27, 2013, based on defendants' objections to these

3  dates, the court extended the discovery deadline to April 25, 2014 and the pretrial motion

4  deadline to June 17, 2014.  (ECF No. 27.)  Yet, plaintiff states that he did not serve the request for

5  production of documents at issue until May 2014, i.e., after the discovery deadline had passed and

6  more than eight months after the discovery deadline in this case was first extended.  The court

7  cannot countenance this lack of diligence.  As for plaintiff's arguments regarding his placement in

8  administrative segregation and loss of legal documents, they are also unavailing.  Plaintiff did not

9  enter administrative segregation until July 3, 2014, after both the discovery and pre-trial motion

10 deadlines had passed; it is therefore unclear why this placement in administrative segregation

11 would have had any effect on plaintiff's ability to conduct timely discovery in this action.

12     Accordingly, the court will deny plaintiff's motions for an extension of the discovery

13 deadline and to compel responses to his requests for production of documents.

14     D.  Defendants' motion to compel

15     On April 16, 2014, defendants filed a motion seeking to compel plaintiff to respond to

16 special interrogatories.  (ECF No. 42.)  Defendants allege in their motion that they propounded

17 special interrogatories on plaintiff on August 22, 2013, and that plaintiff subsequently failed to

18 respond.  Defendants claim that they then wrote to plaintiff on April 1, 2014, requesting

19 responses by April 11, 2014, and that none were forthcoming.  Plaintiff has not filed an

20 opposition to this motion.

21     As is the case with plaintiff's motion to compel, discussed above, defendants have failed

22 to reproduce or include a copy of the special interrogatories which they claim to have served on

23 plaintiff.  Instead, defense counsel merely writes:

24     Defendants . . . propounded special interrogatories to obtain all
       facts supporting Plaintiff's contention that each defendant was
25     deliberately indifferent to his medical needs while he was
       incarcerated at Mule Creek State Prison.   The special
26     interrogatories also appropriately sought all facts supporting his
       claim that he had exhausted all of his administrative remedies
27     against the Defendants prior to bringing suit.  These interrogatories
       are relevant to the issues of liability and damages.

28

1    (ECF No. 42 at 4).  Defendants' counsel, Deputy Attorney General Nguyen, has included a

2    supporting declaration, which also fails to reproduce, or include as an attachment, the

3    interrogatories in question.  The court cannot merely rely on defendants' representations

4    regarding the nature of the interrogatories.  Federal Rule of Civil Procedure 26 provides that

5    "[f]or good cause, the court may order discovery of any matter relevant to the subject matter

6    involved in the action."  Fed. R. Civ. P. 26(b)(1).  Without being able to examine the discovery

7    requests at issue, the court cannot make a determination as to whether this relevancy standard has

8    been satisfied.  Accordingly, the court will also deny defendants' motion to compel.

9            E.  Plaintiff's motion for appointment of counsel

10           On August 5, 2014, plaintiff filed a renewed[7] motion for appointment of counsel.  (ECF

11   No. 54.)  He therein states his reasons for seeking the appointment of counsel as follows:

12                1. Plaintiff is not able to afford counsel.

13                2. The issues involved in this case are complex.

14                3. The prison limits the hours that plaintiff may have access to the
                 prison library and the law materials contained there are very
15               limited.

16                4. The Prisoner Frederick w. Smith [who was assisting plaintiff] is
                 in a depression and stressing, the record will show he just came
17               back to the prison May 29, 2014, from suicide watch, and can not
                 (sic) continue to help me. And I am unable to do it myself can not
18               (sic) file a respond with the needed discovery for documents, and
                 pursuant to FRCP 34, 26 etc.
19
                 5. The ends of justice would best be served in this case if an
20               attorney was appointed to represent the plaintiff.

21   (ECF No. 54 at 1-2.)

22           As the court previously advised plaintiff, the United States Supreme Court has ruled that

23   district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.

24   Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional

25   circumstances, the district court may request the voluntary assistance of counsel pursuant to 28

26   U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

27   _____

28   [7]  On February 12, 2014, the court denied a previous motion by plaintiff for appointment of
     counsel.  (ECF No. 36.)

1 | <u>Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

2 |       The test for exceptional circumstances requires the court to evaluate the plaintiff's

3 | likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

4 | light of the complexity of the legal issues involved.  <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328,

5 | 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

6 | common to most prisoners, such as lack of legal education and limited law library access, do not

7 | establish exceptional circumstances that would warrant a request for voluntary assistance of

8 | counsel.  In the present case, which involves a straightforward medical deliberate indifference

9 | claim against two defendants, the court previously failed to find the required exceptional

10 | circumstances.  Nothing in plaintiff's renewed motion for appointment of counsel has changed

11 | this assessment.  Accordingly, plaintiff's renewed motion for appointment of counsel will be

12 | denied at this time.

13 | III.  <u>Conclusion</u>

14 |       Based on the foregoing, IT IS HEREBY ORDERED that:

15 |     1.  Defendants' motion for an order compelling plaintiff to participate in a video

16 |         deposition is granted.  Defendants shall re-notice plaintiff's deposition so that it takes

17 |         place no later than February 28, 2015.  Defendants may apply to the court for an order

18 |         and writ of habeas corpus ad testificandum if one is required to produce plaintiff

19 |         outside the facility where he is currently incarcerated.  Defendants' motion for

20 |         discovery sanctions (ECF No. 43) is otherwise denied.

21 |     2.  The court's August 21, 2013 Discovery and Scheduling Order, as modified by

22 |         subsequent order, is hereby amended as follows:

23 |         a.  The April 25, 2014 deadline for discovery and to file any motions to compel

24 |             discovery is vacated, and reset for March 15, 2015, solely for the purposes of

25 |             allowing defendants to take plaintiff's deposition.  Neither party is granted

26 |             leave to propound additional discovery requests.

27 |         b.  The June 17, 2014 deadline to file pretrial motions (except motions to compel)

28 |             is vacated, and reset for April 15, 2015.

3.   Defendants' motion to compel discovery responses (ECF No. 42) is denied.

4.   Plaintiff's motion for monetary sanctions (ECF No. 46) is denied.

5.   Plaintiff's motion for an extension of time in which to conduct discovery (ECF No. 52) is denied.

6.   Plaintiff's motion to compel discovery responses (ECF No. 53) is denied.

7.   Plaintiff's motion for appointment of counsel (ECF No. 54) is denied.

8.   Within fourteen (14) days of filing of this order, counsel for defendants shall file a status report informing the court whether plaintiff currently has access to his legal materials, and if not, what arrangements have been made to allow plaintiff adequate access so that he can prepare for his deposition and file an opposition to any forthcoming motion for summary judgment.

IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment (ECF No. 50) be denied without prejudice to its re-filing in compliance with the new April 15, 2015 deadline for the filing of pretrial motions.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 6, 2015

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
coop0602.discovery

13